Smith, J.
A majority of the court is of the opinion that the court of common pleas, which on August. 1, 1889 had granted to the plaintiff, Mrs. Law, a divorce from her husband, for gross neglect of duty, and which had in the same decree made to her an allowance of alimony from his estate, had the right,for good cause shown, at a subsequent term of the court, to modify such decyee for alimony and to reduce the amount to be paid to her each year, and that on appeal, this court has the same right. The facts set out in the petition filed by the defendant in the same’ case averred that after such original decree, which had directed the payment to Mrs. Law by her husband of $3000 each year as alimony, and gave to her the custody of their child, Edith B. Law, and provided that out of said sum the plaintiff was to support, maintain and educate said Edith, that the said child, about the first day of May, 1893, voluntarily left her mother and went to live with her father, who,until June 26, 1894, (when the court acted on the motion or petition of Mr. Law to reduce the alimony),had supported, maintained and educated her until she was of full age, and that after she arrived at age she was married. These allegations were supported by the testimony, and the majority of the court finds that the allowance of alimony to Mrs. Law should be reduced to the sum of $2200.00 per annum from July 1,1893, payable in monthly installments of $182.33-| each.
Judge Smith is of the opinion that no change should now be made in the provisions made as to alimony to Mrs. Law in the original decree of Aug. 1, 1889. That the terms of the decree,in so far as the alimony was concerned, were arrived at by an agreement made between the parties themselves, and were merely ratified by the court by its decree; one of the terms of which, so agreed to and incorporated into the decree, was that “ the provisions herein made for and on behalf of the said Carrie B. Law as to alimony, shall be *411 in lieu of and in full satisfaction of all claims, rights, interests or demands that said plaintiff has or may have acquired in the property and estate of said defendant by reason of her marriage to him, and the said plaintiff shall relinquish any and all such interests by instrument in writing duly executed upon the demand of said defendant”, which was done.
In pursuance of the terms of such compromise agreement and the decree based thereon, a bond was duly executed by the defendant with surety to the satisfaction of the plaintiff, to secure the fulfillment by Mr. Law of the agreement and decree recited therein. 4nd there having been no provision in such contract, or in the decree itself, that in case of a change in the condition of the parties, or by the circumstances of the case, there might be a change in the amount decreed to her as alimony, and the parties having knowledge that there must in the course of nature be such change, for instance, that if the child lived a few years she must attain her majority,or that she might die or marry during the life of the mother, or that she might leave her mother, the presumption is that as no provision is made as to what shall be done in such event, no change in the amount of alimony was contemplated. And as the decree provides absolutely for the payment to Mrs. Law of $8000 per year as alimony during the life of Mrs. Law, unless she herself should marry, when all payments to her as alimony for herself should cease, I think that in view of all the facts and circumstances it would violate the contract made between the parties to change this allowance, and that it would be inequitable to do so, she having released all her interest in the estate of Mr. Law, other than that secured to her by the decree. I think this view is supported by the decision of the case of Olney v. Watts, 43 Ohio St., 507.